**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**March 16, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **S.C., M.C. III, D.C., and J.C.**

**No. 20-0650** (Mineral County 19-JA-38, 19-JA-39, 19-JA-40, and 19-JA-41)

## MEMORANDUM DECISION

Petitioner Mother C.S., by counsel Lauren M. Wilson, appeals the Circuit Court of Mineral County's June 25, 2020, order directing that S.C., M.C. III, D.C., and J.C. be placed in a legal guardianship with the paternal grandparents.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Kelley A. Kuhn, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for a post-dispositional improvement period and in permitting continued visitation to be at the discretion of the children's grandparents.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The petition in this matter was filed in July of 2019 after petitioner gave birth to J.C., who was born drug-exposed. The DHHR alleged that petitioner informed hospital staff that she used THC and Subutex during her pregnancy and that she had been discharged from her Subutex program after testing positive for methamphetamine. After her discharge, petitioner purchased Subutex illegally. The DHHR further alleged that petitioner not only abused drugs during her pregnancy but also exposed all the children in the home to her conduct. Petitioner thereafter

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner does not raise an assignment of error specifically challenging the circuit court's order directing that the children be placed in a legal guardianship with the grandparents.

waived her preliminary hearing, after which the circuit court ordered that she could receive visits with the children after producing two consecutive clean screens.

In September of 2019, petitioner stipulated to the allegations in the petition and was adjudicated of abuse and neglect based on her substance abuse. During that hearing, the court again confirmed that petitioner was aware that she was required to produce two consecutive clean drug screens in order to visit the children. The following month, the circuit court granted petitioner a post-adjudicatory improvement period that required her to submit to substance abuse treatment, participate in drug screens, and attend parenting and adult life skills services. However, in November of 2019, the guardian filed a motion to revoke petitioner's improvement period because of her positive drug screens and failure to participate in services as required. According to the guardian, petitioner tested positive for amphetamine, methamphetamine, marijuana, and fentanyl on multiple occasions. The guardian further cited petitioner's guilty plea to a charge of possession of a controlled substance in October of 2019, wherein an officer cited petitioner for possessing methamphetamine, marijuana, smoking paraphernalia, and pills. The guardian further alleged that petitioner had not visited with the children during the proceedings because she failed to produce a single negative screen.

The court first took up the guardian's motion at a hearing in December of 2019, ultimately holding the issue in abeyance. At a hearing in February of 2020, the court found that nothing had changed in regard to petitioner's conduct and drug use and that she had not actively participated in her improvement period. As such, it terminated the post-adjudicatory improvement period. The court then proceeded to hold dispositional hearings in May and June of 2020, during which petitioner failed to provide any documentation relating to her Suboxone treatment. The court previously ordered that she provide this information to show that she was no longer purchasing the drug illegally because of her history of illegally purchasing Subutex. Based on the evidence, the circuit court found that during her improvement period, petitioner tested positive for numerous illegal substances and failed to produce sufficient clean screens through the entirety of the case to visit the children. Despite being specifically warned at the first dispositional hearing that continued marijuana use was not acceptable, petitioner "tested positive for marijuana each time [she was] tested and the levels of THC initially went down, but then went up after a missed test." According to the court, petitioner consistently failed to follow through with the services that were provided below. Despite being advised at the May of 2020 dispositional hearing that she could continue with services, the court found that petitioner failed to attend any of her scheduled appointments between the two dispositional hearings. The court ultimately found that petitioner was presently unable or unwilling to care for the children's needs, did not follow through with services, and that returning the children to her care was contrary to the children's best interests. The court further found that continuing in a legal guardianship with the paternal grandparents, with whom the children remained throughout the entirety of the case, was in the children's best interests and constituted the least restrictive alternative at disposition. As such, the court ordered that the children be placed into the grandparents' physical custody and required petitioner to complete the necessary steps to transfer

legal guardianship to them.[3] The court also ordered that petitioner could have continued visitation with the children at the grandparents' discretion. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first argues that the circuit court erred in denying her request for a post-dispositional improvement period. In support, petitioner argues that by the time her rights were terminated she demonstrated improvement because she was no longer testing positive for "hard" drugs and, instead, tested positive for marijuana and her medically assisted treatment prescription. What petitioner fails to recognize, however, is that the circuit court found that she failed to present documentation from her Suboxone treatment program, as directed. In fact, the record demonstrates that petitioner has a history of purchasing treatment drugs, such as Subutex, illegally. Therefore, her arguments related to her continued positive screens for any drug she asserts was prescribed to her are unavailing, given her failure to provide corroborating documents below.

In order to obtain a post-dispositional improvement period after having been previously granted an improvement period, West Virginia Code § 49-4-610(3)(D) requires a parent to establish that they have "experienced a substantial change in circumstances" and that "due to that change in circumstances, the [parent] is likely to fully participate in the improvement period." While petitioner asserts that her continued drug abuse constitutes an improvement because she believes the types of drugs she continued to abuse were not as detrimental as the drugs she previously abused, we find that this evidence does not constitute a substantial change in circumstances such that the granting of a second improvement period was warranted. Further, the

---

[3]The court also terminated the father's custodial rights. According to respondents, the permanency plan for the children is to remain in a legal guardianship with the paternal grandparents.

3

evidence overwhelmingly showed that petitioner was not likely to participate, given her failure to participate in services throughout the entirety of the proceedings. Even more importantly, the circuit court informed petitioner at the May of 2020 dispositional hearing that she could continue to participate in services pending the final dispositional hearing. Rather than take that opportunity to demonstrate her compliance with services, petitioner failed to participate in the month between hearings. The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . ."). We have also explained that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence that the [parent] is likely to fully participate in the improvement period.'" *In re Charity H.*, 215 W. Va. 208, 215, 599 S.E.2d 631, 638 (2004) (citation omitted). Because petitioner failed to establish that she underwent a substantial change in circumstances that made her likely to fully participate, we find no error in the circuit court's denial of her motion for a post-dispositional improvement period.

Finally, petitioner argues that the circuit court erred in ruling that continued visitation between petitioner and the children would be at the grandparents' discretion. According to petitioner, this ruling effectively denied her visitation. We do not agree. As this Court has held, following disposition in abuse and neglect cases

> "the circuit court may . . . in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, in part, *In re Daniel D.*, 211 W. Va. 79, 562 S.E.2d 147 (2002). That the court dictated that such visitation would be at the grandparents' discretion ensures that it will be in the children's best interest and not detrimental to their wellbeing. As the court noted in the order on appeal, petitioner was never able to produce the requisite number of clean drug screens during the proceedings below, thereby limiting her ability to visit the children. Given that petitioner could not limit her substance abuse such that visitation was appropriate during the proceedings, it is clear that continued visitation required some reasonable limits. We therefore find no error in the circuit court's ruling on this issue.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 25, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: March 16, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton